UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| COLIN GERHARDT ANDERSON,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN ALEX REYES,<br><br>Respondent. | 4:25-CV-04232-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED, GRANTING RESPONDENT'S MOTION TO DISMISS THE PETITION, AND GRANTING PETITIONER'S MOTION TO SUPPLEMENT |

Petitioner, Colin Gerhardt Anderson, appearing pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2016 South Dakota conviction on four counts of first-degree rape. Docket 1. Respondent, Alex Reyes, Warden of the Mike Durfee State Prison, moved to dismiss the petition as untimely under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Docket 9. The matter was referred to Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B) and D.S.D. Civ. LR 72.1(A)(2)(B).

On February 11, 2026, Magistrate Judge Duffy issued a report recommending that respondent's motion to dismiss, Docket 9, be granted and that Anderson's petition be dismissed with prejudice because the petition was untimely and Anderson has not demonstrated any basis for equitable tolling. Docket 14 at 10-14, 16. Anderson filed two objections to specific statements in the report and recommendation and a motion to supplement his petition with newly obtained evidence. Docket 15; Docket 16. Having reviewed de novo the portions of the report

and recommendation to which Anderson specifically objects, the court overrules the objections and adopts the report and recommendation as modified by this order.

**BACKGROUND**

Because Anderson did not file objections to the facts, *see* Docket 15, the court adopts the facts as stated in the report and recommendation, *see* Docket 14 at 2-5, and recounts only the facts that are relevant to Anderson's objections and motion for consideration of newly obtained evidence.

At Anderson's trial, defense counsel examined Amanda Anderson, who originally reported the alleged abuse to Child Protective Services. Docket 14 at 3. Amanda Anderson recanted her prior allegations and admitted she coached the victim to falsely accuse Anderson. *Id.* On August 29, 2016, the Clark County court adjudicated Anderson guilty of four counts of first-degree rape. Docket 1-1 at 6.

The South Dakota Supreme Court affirmed the judgment of conviction on May 1, 2017. *Id.* at 9. Anderson did not file a petition for a writ of certiorari to the United States Supreme Court and did not file a state habeas petition until August 27, 2018. *Id.* at 12. The state court denied Anderson's petition on May 2, 2025. *Id.* at 47. After filing a notice of appeal, the South Dakota Supreme Court dismissed Anderson's appeal on July 25, 2025. *Id.* at 63. Anderson filed his federal habeas petition in this court on December 1, 2025. Docket 1.

**STANDARD OF REVIEW**

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's

recommendations as to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In conducting its de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994). Magistrate Judge Duffy conducted a thorough analysis and issued a comprehensive report and recommendation. The court adopts the report and recommendation as modified by this opinion and overrules Anderson's objections (Docket 15) for the reasons discussed below.

## DISCUSSION

Anderson objects to Magistrate Judge Duffy's findings and conclusions regarding his claims of equitable tolling and actual innocence. Docket 15.

### I. Governing Statute and Limitations Period

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) generally requires a state prisoner to file a federal habeas petition within one year after the prisoner's judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes "final by the conclusion of direct review or the expiration of the time for seeking such review[.]" *Id.* As such, when a prisoner does not pursue direct review, the judgment becomes final when the time for seeking such review expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). A properly filed application for state post-conviction review tolls the federal limitation period. *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853 (8th Cir. 2003); *see also* 28 U.S.C. § 2244(d)(2). On the other hand, if the deadline to file a federal petition has passed, a "later filing for

post-conviction relief in state court cannot act to toll the federal statute of limitations." *Curtiss*, 338 F.3d at 853.

The report and recommendation correctly calculated that Anderson's one-year statute of limitations began to run on July 30, 2017. The South Dakota Supreme Court summarily affirmed his conviction and entered a judgment on May 1, 2017. Docket 1-1 at 9-10; Docket 14 at 10. Ninety days later, which is the time period he had to petition the United States Supreme Court for a writ of certiorari, was July 30, 2017. Docket 14 at 10. When Anderson filed his petition for habeas relief in state court on August 27, 2018, Docket 1-1 at 12, 393 days had already passed. Docket 14 at 10. Because Anderson did not file his state habeas petition within the one-year AEDPA limitation period, his federal habeas petition was untimely. *See Curtiss*, 338 F.3d at 853-54. Thus, the court adopts the conclusion that Anderson's petition is untimely, as modified by this opinion, unless Anderson can show that the statute of limitations should be equitably tolled. Docket 14 at 10.

## II. Objection One: Counsel's Alleged Negligence

Anderson asserts that he was diligent in hiring counsel and his federal petition should be equitably tolled due to his counsel's negligence in failing to timely file his state habeas petition. Docket 15 at 2. A petitioner seeking equitable tolling must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" that prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation omitted); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "The diligence required for equitable tolling purposes is 'reasonable diligence' not 'maximum feasible diligence.' " *Holland*, 560

U.S. at 653 (citation modified); *Muhammad v. United States*, 735 F.3d 812, 816 (8th Cir. 2013). Ordinary attorney negligence or confusion about a limitations period does not satisfy the extraordinary circumstance standard. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). In fact, "[i]neffective assistance of counsel generally does not warrant equitable tolling[]" as it is not considered an extraordinary circumstance. *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002).

Anderson's first objection mirrors his claim in his response to the order to show cause (Docket 13) that he communicated timeliness concerns to his state habeas attorneys and was unaware nothing was filed in his state habeas case. Docket 12 at 3. But Anderson has not produced any evidence to support his claim that he contacted his attorneys. *See generally* Docket 1; Docket 12; Docket 13; Docket 16. Further, even if Anderson's claims were supported by evidence, his attorney's alleged inaction is not an extraordinary circumstance for equitable tolling purposes, because ordinary attorney negligence is insufficient. *Sellers v. Burt*, 168 F. App'x 132, 133 (2006) (per curiam) (finding that petitioner's inability to timely file a habeas petition because his state post-conviction attorney failed to communicate with him did not warrant equitable tolling). Thus, the court adopts Magistrate Judge Duffy's recommendation and finds that Anderson is not entitled to equitable tolling. Anderson's first objection is overruled.

**III. Objection Two: Actual Innocence**

Anderson objects to the report and recommendations' finding that Anderson has not met his burden of proving actual innocence. Docket 15 at 2-4. A credible showing of actual innocence may allow a court to consider an otherwise time-barred habeas claim. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To

successfully pass through that gateway, a petitioner must present new, reliable evidence, "which was not available at trial through the exercise of due diligence." *Kidd v. Norman*, 651 F.3d 947, 953 (8th Cir. 2011). The burden is on the petitioner to show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Nance v. Norris*, 392 F.3d 284, 291 (8th Cir. 2004). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In Anderson's reply to the respondent's motion to dismiss, he claimed that he was in the process of obtaining additional evidence to support his actual innocence claim. Docket 12 at 5. But Anderson did not file additional evidence until after Magistrate Judge Duffy filed her report and recommendation with the court. Docket 14; Docket 16. Anderson's motion for consideration of newly obtained evidence includes a new affidavit from Amanda Anderson. Docket 16-2. The contents of the affidavit reflect her trial testimony including statements concerning her false allegations against Anderson and alleged coaching of the victim by an interviewer. *Id.* at 7, 10. Amanda Anderson's affidavit includes no new evidence that was unavailable at the time of Anderson's trial through due diligence. In fact, defense counsel presented Amanda Anderson's testimony at trial. Thus, her affidavit cannot constitute new evidence to support a claim of actual innocence. Even with his motion to consider newly obtained evidence, Anderson has presented no new evidence that was unavailable at the time of trial. Thus, Anderson's second objection is overruled.

Because Anderson's petition is untimely and he has not established grounds for equitable tolling nor made a credible showing of actual innocence with new evidence, the court overrules both of Anderson's objections and adopts the report and recommendation as modified herein.

**CERTIFICATE OF APPEALABILITY**

When a district court denies a petitioner's § 2254 motion, the petitioner must first obtain a certificate of appealability before an appeal of that denial may be entertained. *See* 28 U.S.C. § 2253(c)(1); *see also Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). This certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is one that proves "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Stated differently, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

Anderson has not made a substantial showing that his constitutional rights were denied. Thus, a certificate of appealability is not issued.

**CONCLUSION**

After conducting a de novo review, it is ORDERED:

1. That Anderson's motion to supplement (Docket 16) is granted.
2. That Anderson's objections to the report and recommendation (Docket 15) are overruled.

3. That the magistrate judge's report and recommendation (Docket 14) is adopted as modified by this order.
4. That respondent's motion to dismiss (Docket 9) is granted.
5. That Anderson's petition under 28 U.S.C. § 2254 (Docket 1) is dismissed with prejudice.
6. That a certificate of appealability is denied.

Dated August 24, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE